SUMMONS ISSUED

# CV-11 5782

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 2 8 2011 ★

LONG ISLAND OFFICE

AMON, CH J

REYES, JR, M.

|  |  |
|---|---|
| YOSEF LOWENBEIN | ) |
| on behalf of himself | ) |
| and all similarly situated consumers | ) |
| Plaintiff, | ) |
|  | ) |
| -against- | ) |
|  | ) |
|  | ) |
| VAN RU CREDIT CORPORATION | ) |
|  | ) |
|  | ) |
|  | ) |
|  | ) |
| Defendant. | ) |

## CLASS ACTION COMPLAINT

### Introduction

1.  Plaintiff Yosef Lowenbein seeks redress for the illegal practices of Van Ru Credit

    Corporation concerning the collection of debts, in violation of the Fair Debt Collection

    Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA") *Foti v. NCO Financial Systems,*

    *Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y 2006) (found that debt collectors who use

    automated messages do so at the peril of violating the FDCPA, either by not leaving

    enough information for the debtor in violation of §§ 1692d(6) and 1692e(11), or by

    leaving too much information for a possible third party in violation of § 1692c(b) Debt

    collectors . . . should use other means to collect, including calling and directly speaking

    with the consumer or sending appropriate letters). Defendant has blatantly ignored the

    suggestion of Judge Karas in the *Foti* case and contacted the plaintiff as is set forth

-1-

below.  Plaintiff also includes a claim under the Telephone Communications Privacy

Act.

### *Parties*

2. Plaintiff is a citizen of the State of New York who reside within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

   that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4. Defendant's principal place of business is located in Des Plaines, Illinois.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

   consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. §

   1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

   1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and

   transactions that give rise to this action occurred, in substantial part, in this district.

9. On information and belief, on a date better known by defendant, defendant attempted to

   collect alleged consumer debts from the plaintiff.

10. On May 9, 2011 defendant spoke to the plaintiff's brother and gave the plaintiff's

    brother a message that the plaintiff should call back.

11. Said communication was in furtherance of attempting to collect a debt even though

    defendant did not set forth the purpose of the call.

-2-

12.   Said communication was not in order to obtain location information.

13.   Upon information and belief, this type of attempt to collect an alleged debt

14.   Said collection attempt violates the FDCPA.

See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 ruled that this was a violation of 1692b, 1692c (b), and 1692d.

(a complaint alleging that debt collector telephoned plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have plaintiff return call stated a claim for violation of Section 1692c(b) Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(holding that § 1692c(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed, because that reading would render § 1692b superfluous Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(All provisions of the statute must be considered and each term must be interpreted equally, so as not to deflect from the meaning of the statute...Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and § 1692c(b) should be broadly interpreted to prohibit a debt collector from conveying any information to a third party that concerns a debt (except for the purpose of obtaining location information as permitted under § 1692b) Blair v. SHERMAN ACQUISITION, Dist. Court, ND Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

("`Other than to obtain location information, a debt collector may not contact third persons such as a consumer's friends, neighbors, relatives, or employer. Such contacts are not legitimate collection practices and result in serious invasions of privacy, as well as the loss of jobs.'" from West v. Nationwide Credit, Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted at 1977 U.S. Code & Admin. News 1695, 1699) Mathis v. OMNIUM WORLDWIDE, Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

(contact with a thrid party that did not involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff had a "business matter."stated a claim under § 1692c (b) finding that the plaintiff's allegation that the defendant contacted a third party to relay about a "very important" matter regarding the plaintiff Plaintiff sufficiently stated claims under §§ 1692b, 1692c (b), and 1692d Krapf v. COLLECTORS TRAINING INSTITUTE OF ILLINOIS, INC., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit, Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998)

-3-

And finally the famous Foti v. NCO which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - Judge Karas in foti based his reasoning on West v. Nationwide Credit In Judge Karas own words in foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The plaintiff in West alleged that defendants violated § 1692c(b) by contacting plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692c(b) because no information was actually conveyed about plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. Id. at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." Id. (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" Id. "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." Id.This conclusion has been embraced by other courts as well in the context of applying § 1692c(b). See, e.g., Henderson, 2001 WL 969105, at *2 (rejecting defendant's argument that letter sent to employer seeking information about whether plaintiff was employed, her wage scale, her type of employment, the full name of her employer, and if terminated, the name of her present employer, did not violate § 1692c(b) because it did not suggest a debt collection purpose). Thus, given the choice of language by Congress, the FDCPA should be interpreted to cover communications that convey, directly or indirectly, any information relating to a debt, and not just when the debt collector discloses specific information about the particular debt being collected. Indeed, a narrow reading of the term "communication" to exclude instances such as the present case where no specific information about a debt is explicitly conveyed could create a significant loophole in the FDCPA, allowing debtors to circumvent the § 1692e(11) disclosure requirement, and other provisions of the FDCPA that have a threshold "communication" requirement, merely by not conveying specific information about the debt. In fact, under Defendant's interpretation of "communication," a debt collector could call regularly after the thirty-day validation notice is sent, and not be subject to § 1692e(11)'s requirement so long as the message did not convey specific information about the debt. Such a reading is inconsistent with 658*658 Congress's intent to protect consumers from "serious and widespread" debt collection abuses. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 based on the reasoning in West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998

15.     The said telephonic contact is in violation of the Fair Debt Collection Practices Act, 15

U.S.C. §§ 16922b, 1692c(b), 1692d(6), 1692e(10) and 1692e(11).

16. On or about April 21, 2011 the defendant left a message on the plaintiff's phone which was overheard by the plaintiff's brother in law.

17. The defendant communicated that the message was concerning the collection of a debt.

18. The said telephone message is in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692c.

19. The defendant left messages at a wireless number where the plaintiff was charged for each call.

20. Defendant caused plaintiff to incur charges for defendant's collection communications when plaintiff had no reason to know the communication's purpose.

21. Defendant was prohibited from placing a call that will cause a charge to plaintiff without having notified plaintiff to expect it and without having announced its collection purpose.

22. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692f(5).

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by plaintiff Yosef Lowenbein on behalf of himself and the members of a class, as against the defendant.***

23. Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-22 as if set forth fully in this Cause of Action.

24. This action is brought on behalf of plaintiff and the members of three classes which plaintiff contends would be confirmed by the records of the defendant.

25. Class A consists of all persons whom Defendant's records reflect resided in New York and who spoke with another party in the home and directed that person to tell the debtor

to call back the defendant without having disclosed that the communication is concerning a debt within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to another party seeking payment of a consumer debt by leaving a message directing the consumer to call the defendant; and (c) that plaintiff asserts that the telephone messages were in violation 15 U.S.C. §§ 1692d(6), 1692e(11) and 1692e(10).

26.     Class B consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a service where the consumer was charged for the call, and (c) that plaintiff asserts that the telephone messages were in violation 15 U.S.C. § 1692f(5).

27.     Class C consists of all persons whom Defendant's records reflect resided in New York and were left a telephonic message from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was overheard by an unauthorized third party, and (c) that plaintiff asserts that the telephone message was in violation 15 U.S.C. § 1692c.

28.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

-6-

(B) There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

(C) The only individual issue is the identification of the consumers who received the telephonic messages, (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

(D) The claims of the plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

(E) The plaintiff will fairly and adequately represent the class members' interests. The plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The plaintiff's interests are consistent with those of the members of the class.

29.    A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

30.    If the facts are discovered to be appropriate, the plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

-7-

31.  Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

32.  The actions of the defendant violate the Fair Debt Collection Practices Act.

33.  Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

## AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by plaintiff individually*

34.  Plaintiff restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

35.  The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating eight (8) telephone calls to the plaintiff's wireless telephone numbers using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiff to leave such messages.

36.  Defendant has repeatedly violated the TCPA by the calls made to Plaintiff, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant also without having included the proper name of the defendant or any name for that matter.

-8-

37.   There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiff have not consented to the use of the wireless telephone number at issue.

38.   Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

39.   Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

40.   All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

41.   The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating

the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

42.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

43.     Defendant has repeatedly violated the TCPA by the calls made to plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

### *Violations of the Telephone Communications Privacy Act*

44.     The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiffs as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

-10-

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

45.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

46.     Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

47.     The actions of the defendant violate the TCPA.

48.     Because the defendant intentionally violated the TCPA, the plaintiffs are entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiffs.

-11-

WHEREFORE, Plaintiff respectfully request that this Court enter judgment in his and against

the defendant and award damages as follows:

      (a) Statutory damages provided under the TCPA and injunctive relief;

      (b) Any other relief that this Court deems appropriate and just under the

      circumstances.

        Dated: Cedarhurst, New York
        November 21, 2011

        Adam J. Fishbein, P.C.  (AF-9508)
        Attorney At Law
        **Attorney for the Plaintiff**
        483 Chestnut Street
        Cedarhurst, New York 11516
        Telephone (516) 791-4400
        Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

        Adam J. Fishbein  (AF-9508)

-12-